IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | NO. 1:24-CR-00218-SEG-LTW-1 |
| | ) | |
| JOHN D. WOODBURY | ) | |

MOTION FOR CONTINUED RELEASE ON BOND

On April 18, 2025, Mr. Woodbury is scheduled to enter a guilty plea to Count 2 of the criminal indictment in the above-captioned case. The undersigned anticipates that the government will move the Court to take Mr. Woodbury into custody at the time of his guilty plea pursuant to 18 U.S.C. § 3143(a)(2). The Court should deny the government's motion and continue Mr. Woodbury on pretrial release until the time of his sentencing because "there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

I.      Facts

On July 18, 2024, Mr. Woodbury appeared before the Magistrate Court for his initial appearance. At that hearing, the Court determined under 18 U.S.C. § 3142(c), that there were reasonable conditions the Court could impose to ensure the safety of the community as well as Mr. Woodbury's return to court. As a result, the Court released Mr. Woodbury on a $10,000 unsecured bond. (Doc. 8). Since that date, there have been zero pretrial violations reported to the Court.

Mr. Woodbury has no criminal history. He is employed full time for Holland America Cruise Line as a booking agent and is currently pursuing his master's degree in social work from the University of Kentucky's online program. In 2020, Mr. Woodbury was diagnosed with anxiety and depression. Two years later, he was diagnosed with bipolar disorder. Since then, Mr. Woodbury has undergone significant mental health treatment by enrolling in multiple residential and outpatient treatment programs. He is currently successfully managing his mental illness with medication and counseling and is currently under the care of psychiatrist Dr. Namita Patel.

II.    Argument

18 U.S.C. § 3143(a)(2) usually requires a court detain a defendant who has been found guilty of a crime of violence as defined under 18 U.S.C. § 3156(4)(A). However, under 18 U.S.C. § 3145(c), a court can allow a defendant to remain on bond if the court determines that release pending sentencing is supported by "exceptional reasons."  18 U.S.C. § 3145(c) states:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered release, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

2

The term "exceptional reasons" is not defined under § 3145(c). However, "by adopting the term 'exceptional reasons' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *United States v. Garcia*, 340 F.3d 1013, 1018-19 (9th Cir. 2003) (internal quotations, citation omitted). *See also United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) ("The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'").

In addition to being a wide and flexible inquiry, a § 3145 inquiry must consider the specific, individual circumstances of the defendant and case. "What constitutes 'exceptional reasons' must be determined on a case-by-case basis." *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wis. 2003). In fact, a court can find exceptional circumstances even if the defendant is facing a sentence of imprisonment: "[E]ven if the defendant is bound to be sent to prison (even for a substantial period of time), the unique factual circumstances of his case could make immediate detention inappropriate." *Id.*

Courts have identified a myriad of exceptional reasons why a person's detention may not be appropriate, including but not limited to the following:

3

- **A lack of criminal history:** "[O]ne exceptional circumstance that might justify release under § 3145(c) would be that the defendant's criminal conduct was aberrational." *United States v. Garcia*, 340 F.3d at 1019 (explaining that a defendant whose behavior was uncharacteristic may not be the type of defendant for whom mandatory detention was intended); *United States v. Watkins*, 2012 WL 1599836, at *4 (M.D. Fla. 2012) (finding as exceptional that the defendant had no other criminal history).

- **An exemplary life:** "[I]f . . . the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society significantly if allowed to remain free on bail, these factors would militate in favor of finding exceptional reasons." *Garcia*, 340 F.3d at 1019.

- **The circumstances of the offense:** *United States v. Hartery*, 351 F. Supp. 2d 14, 18 (N.D.N.Y. 2005) (finding exceptional circumstances related to the offense that mitigated the defendant's culpability and made his conviction unique).

- **A stable living situation with family:** *United States v. Watkins*, 2012 WL 1599836, at *4 (M.D. Fla. 2012) (considering under § 3145(c) that the defendant had lived at the same address for many years with his spouse and did not pose a risk of danger or flight).

- **A record of good behavior after the offense:** *United States v. Reboux*, No. 5:06-CR-451 (FJS), 2007 WL 4409801, at *3 (N.D.N.Y. Dec. 14, 2007) (noting how the defendant did not commit any criminal offenses in the nearly four years after he was initially contacted by agents).

It is clear from Mr. Woodbury's lack of criminal history throughout nearly 34 years of his life that his conduct in this case was aberrational. As noted in *Garcia*, 340 F.3d at 1019, a defendant whose behavior was uncharacteristic may not be the type of defendant for whom mandatory detention was intended. Mr. Woodbury is certainly not the type of person for whom mandatory detention is intended. Although the count to which Mr. Woodbury pled is technically a crime of violence, Mr. Woodbury took no affirmative steps towards effectuating the threat. The threat consisted of communication posted to the website 4chan.[1] Mr. Woodbury had zero intention of following through with the threat and was simply trying to air his frustrations with the administration. This is the *singular* instance of this type of behavior from Mr. Woodbury; there is no evidence of similar conduct prior to or subsequent to the conduct that forms the basis of this case. Therefore, this aberrational conduct does not support remand at this time.

The court should also consider the circumstances of the offense. At the time of the conduct in this case, Mr. Woodbury was suffering from a manic episode

---

[1] 4chan is an online image-based bulletin board where anyone can post comments and share images.

attributed to his bipolar disorder, with which he was diagnosed in 2022. Although

he was on medication at the time, for those who live with mental health disorders,

it can often take months or even years for their medical providers to find the

correct combination or dosage of medications to effectively treat their symptoms.

At the time of his offense, Mr. Woodbury was missing in his regimen a key

component to his sustained mental health – Abilify. Since then, Mr. Woodbury has

been taking Abilify, which has completely stopped his manic episodes, and he

continues seeing his psychiatrist Dr. Patel.

Considering Mr. Woodbury's mental health diagnosis and the many

positive strides he's made in mental health treatment, taking him into custody

would create a major setback. It would take several weeks for Mr. Woodbury to

see a psychiatrist at the detention facility, and it would take even more time for

him to begin a medication regimen. Any lapse in medication might disrupt the

medicine's effectiveness, which could cause Mr. Woodbury to have to start from

scratch. This is another reason detention at this time would not be appropriate.

Mr. Woodbury has been gainfully employed as a booking agent for Holland

America Cruise Line since July 2024. He uses the money he earns from that job to

support himself, his mother, his sister, and his nephew, all of whom live together

in the same home. He also acts as caretaker for his elderly mother. He and his

family have lived at the same address for several years, which shows he has ties to the community and is not a risk of flight.

Finally, Mr. Woodbury has been on pretrial release since July 2024, and no violations have been reported to the court. The best evidence to indicate how he would perform on continued release is his exemplary behavior over the past 9 months.

Given the foregoing, it is clear that Mr. Woodbury meets the conditions of release set forth in § 3143(a)(1). Further, given the wide latitude Congress affords courts pursuant to § 3145(c), there is a plethora of evidence before this Court to support the fact that detention would not be appropriate at this time.

WHEREFORE, Mr. Woodbury requests that the Court continue him on pretrial release until the date of his sentencing.

Dated:  This 17th day of April 2025.

Respectfully submitted,

/s/ Keenen J. Twymon
STATE BAR NO. 994921
ATTORNEY FOR JOHN D. WOODBURY

FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
keenen_twymon@fd.org