IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JOHN DONOVAN WOODBURY | Criminal Action No.<br><br>1:24-CR-218-SEG-LTW |

**Government's Sentencing Memorandum**

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Jennifer Keen, Assistant United States Attorney for the Northern District of Georgia, files this sentencing memorandum, addressing Defendant John Donovan Woodbury's Guidelines objections. This Court should apply the two-level enhancement pursuant to U.S.S.G. § 2A6.1(b)(5) because Mr. Woodbury should have known that his public post on social media would create a substantial risk of inciting others to threaten, assault, kidnap, and/or murder a federal law enforcement officer, in violation of 18 U.S.C. § 115. The topic of the post, which garnered worldwide headlines, choice of forum, and his explicit, incendiary language all argue in favor of the enhancement's application. At sentencing, the government will recommend the Court sentence Mr. Woodbury to the low-end of the Guidelines after factoring in a one-level downward variance.

1. **Procedural Posture**

On July 9, 2024, a grand jury charged Mr. Woodbury with threats by interstate communication, in violation of 18 U.S.C. § 875(c), and threats to a federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B). Doc. 1. On April 18, 2025, he pled guilty to threats to a federal law enforcement officer. Doc. 35. Sentencing is scheduled for July 24, 2025. Dkt. Entry May 6, 2025.

2. **Offense Conduct**

On the evening of June 7, 2023, Mr. Woodbury posted the following threat, directed at then FBI Director Christopher Wray, on the "/pol/ - Politically Incorrect board" on www.4Chan.org:

*If they arrest Trump, storm Chris Wray's house*

*[Director Wray's home address]*

*They want to arrest Trump while the FBI has more whistleblowers against Biden than Epstein had slaves blowing whistles?*

*They want to call us Nazis?*

*Fine. Let's show them what a fucking 'Nazi' (Freedom loving Patriots who won't go down without a fight) looks like.*

*White, black, brown, straight, gay, bit, Muslim, Christian*

*All are welcome. It's time to burn these mother fuckers down and hang them from trees.*

*Hit them where it fucking hurts.*

*Hit Chris at his home.*

*Make his family fear stepping one foot outside their god damn door.*

> *Fuck these people.  I'd rather die fighting them than die an old man under the rule of the Unholy Trinity of WASPs, Kikes, and Jesuits.*
>
> *THIS. IS. WAR.*

PSR ¶ 8; Exh. A.

On June 22, 2023, FBI agents interviewed Mr. Woodbury by phone. PSR ¶ 11. He said that he had a working knowledge of 4Chan and had accessed its website before, but had never posted anything. PSR ¶ 13. On June 26, 2023, FBI agents interviewed Mr. Woodbury in person. PSR ¶ 14. He blamed his brother-in-law for framing him for the threats against Director Wray on 4Chan. *Id.* FBI agents determined that the brother-in-law could not have posted the threats in question. PSR ¶ 15.

On November 6, 2023, Mr. Woodbury met with FBI agents for an in-person interview.  PSR ¶ 17. Yet again, he denied posting a threat towards Director Wray on 4Chan.  PSR ¶ 18. After agents warned Mr. Woodbury that providing false statements to the FBI was a crime, he admitted to posting the above threat on 4Chan. PSR ¶ 19.

### 3. This Court should apply the two-level enhancement pursuant to U.S.S.G. § 2A6.1(b)(5).

U.S.S.G. § 2A6.1(b)(5) provides for a two-level enhancement if the defendant: (1) is convicted under 18 U.S.C. § 115; (2) made a public threatening communication; and (3) knew or should have known that the public threatening communication created a substantial risk of inciting others to violate 18 U.S.C. § 115 (influencing, impeding, or retaliating against a federal official by threatening

or injuring a family member). U.S.S.G. § 2A6.1(b)(5). Mr. Woodbury objects to the third prong – that he knew or should have known that his post on 4Chan created a substantial risk of inciting others to violence. *See* Def. PSR Objs.

The title of Mr. Woodbury's 4Chan post was, "If they arrest Trump, storm Chris Wray's house." Ex. A. Even the title of the post called for violence against Director Wray. Mr. Woodbury went so far as to post Director Wray's real home address, letting others know exactly where to find Director Wray and his family. *Id.* The addition of Director Wray's personal address speaks to the seriousness of the post; it was not just idle political discourse to be overlooked. The post included politically charged and racial rhetoric, but notably, it called for people to "burn these mother fuckers down and hang them from trees," and to "[m]ake [Director Wray's] family fear stepping one foot outside their god damn door." *Id.* His last words were, "THIS. IS. WAR." *Id.* With such explicit, violent, incendiary language, Mr. Woodbury knew and should have known that the post, in and of itself, was a call for violence directed at a federal law enforcement officer and his family.

Mr. Woodbury's choice of forum for his post, 4chan.org, should not be overlooked. In 2022, 4chan.org had been receiving more than 22 million unique monthly visitors to its website, approximately half of which were in the United States.[1] The particular message board that Mr. Woodbury posted on, /pol/, has been characterized as predominantly racist and sexist, with many of its posts

---

[1] https://en.wikipedia.org/wiki/4chan (last accessed Jul. 14, 2025).

being pro-Nazi.[2] So Mr. Woodbury's chosen audience was already prone to violence. People who post on 4chan.org have managed to pull off high profile collective actions, according to the Washington Post.[3]

Mr. Woodbury chose to post about a topic that garnered a lot of interest, controversy, and strong opinions worldwide. He posted at a time when those topics were still controversial and current. He knew or should have known that his public post on 4chan.org's /pol/ message board created a substantial risk of inciting others to commit violence against Director Wray given the topic of the post, the language he used, the forum he chose to make his message public, and the posting of Director Wray's personal address. Accordingly, Mr. Woodbury should receive a two-level increase pursuant to § 2A6.1(b)(5).[4]

### 4. The government recommends low-end of the Guidelines.

Per the plea agreement, the government recommends that Mr. Woodbury receive a one-level downward variance. After factoring that one-level variance, the government recommends low-end of the Guidelines.

---

[2] https://www.washingtonpost.com/news/the-intersect/wp/2014/09/25/absolutely-everything-you-need-to-know-to-understand-4chan-the-internets-own-bogeyman/ (last accessed Jul. 14, 2025).

[3] https://www.washingtonpost.com/wp-dyn/content/article/2010/08/09/AR2010080906102.html?hpid=topnews (last accessed Jul. 14, 2025)

[4] Mr. Woodbury originally objected to the lack of a two-level reduction pursuant to U.S.S.G. § 4C1.1. In an email to the government on July 15, 2025, he withdrew the objection. Therefore, it is not addressed in this sentencing memo.

The nature and circumstances of the offense warrant a prison sentence. Mr. Woodbury went too far with his words. A mass call to violence is never acceptable under any circumstances. What Mr. Woodbury underestimates in posting his threat of violence online is that all it takes is one person. Had his words reached and inspired one person to act in the way he called for in his post, tragedy would have ensued. Anyone reading the public post with personal resentments against Director Wray or who identified with any aspect of the post could have viewed it as both an invitation and justification for carrying out a violent attack.  Law enforcement officials play a crucial role in our community – to protect, to serve. They are public servants. They should not face threats for fulfilling this role. They should not have to worry about their families being retaliated against because of their jobs. Mr. Woodbury, not only threatened Director Wray, but he specifically threatened his family, as well. Another step too far.

Additionally, this Court's sentence must afford general deterrence, not just specific deterrence. There has been a documented increase in the number of threats to public officials in the United States.[5] While criminal charges seek to send a deterrent message, the Court's sentence sends a clearer deterrence.

---

[5] https://www.npr.org/2023/08/12/1193463117/violent-threats-against-public-officials-are-rising-heres-why (last accessed Jul. 14, 2025); https://www.cnn.com/2023/12/07/politics/threats-us-public-officials-democracy-invs (last accessed Jul. 14, 2025); https://abcnews.go.com/Politics/threats-high-profile-officials-homes-rise-dhs/story?id=108061163#:~:text=%22The%20threat%20to%20high%2Dprofile%2

The Court should also consider the need to avoid unwarranted sentencing disparity. Other defendants charged in the Northern District of Georgia for threatening public officials have received similar sentences that the government is recommending in this case. *See e.g. United States v. Stark*, Dkt. 1:23-CR-271-JPB, Doc. 16 (court sentenced defendant to 24 months for threatening election officials); *United States v. Hanson*, Dkt. 1:24-CR-184-JPB, Doc. 19 (court sentenced defendant to 21 months for threatening local law enforcement). *Cf. United States v. Cirillo*, Dkt. 1:23-CR-365-VMC, Doc. 35 (court sentenced defendant to time served for threatening federal Congresswoman).

Finally, despite the seriousness of the offense, the government believes Mr. Woodbury's history and characteristics merit a low-end Guidelines sentence. He does not have a criminal history, and it is the government's hope that he has seen the error in his ways and that he will not engage in further criminal conduct in the future. PSR ¶¶ 39, 40.

---

0public%20and%20private,and%20several%20notable%20attacks%2C%22%20the%20bulletin%20warned (last accessed Jul. 14, 2025).

## Conclusion

This Court should find that a two-level enhancement applies pursuant to U.S.S.G. § 2A6.1(b)(5). For the reasons stated above, and for all of the factors enumerated in 18 U.S.C. § 3553(a), the Court should sentence Mr. Woodbury to the low-end of the Guidelines.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/JENNIFER KEEN
*Assistant United States Attorney*
Georgia Bar No. 231778
Jennifer.Keen@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

        Brian Mendelsohn, counsel for Woodbury

July 16, 2025

        /s/ JENNIFER KEEN

        JENNIFER KEEN

        *Assistant United States Attorney*